```
                IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

IN RE:                              )
                                    )
Keith Smith and Dawn Smith,         )    Case No. 07 B 6631
              Debtors               )
                                    )
------------------------------------)    Chapter 13
Keith Smith and Dawn Smith          )
              Plaintiffs,           )
                                    )
vs.                                 )    Adversary No. _____
                                    )
FIRST AMERICAN TITLE INSURANCE CO.  )
(d/b/a The Talon Group),            )
SIPI, LLC, and                      )
MIDWEST CAPITAL INVESTMENTS, LLC    )
                                    )
              Defendants.           )
```

7001 (1),(2) AND (9) F.R.BANKR.P. ADVERSARY COMPLAINT
TO AVOID FRAUDULENT CONVEYANCE
AND
<u>RECOVER TITLE TO REAL ESTATE AND/OR FOR OTHER RELIEF</u>

NOW COMES the Plaintiff and Debtor, DAWN SMITH, by and through her attorney, ARTHUR G. JAROS, JR. and complains of the defendants FIRST AMERICAN TITLE INSURANCE COMPANY (hereinafter "TALON GROUP" or "THE TALON GROUP"), SIPI, LLC (hereinafter sometimes "SIPI") and MIDWEST CAPITAL INVESTMENTS, LLC (hereinafter sometimes "MW CAPITAL") as follows:

<u>Parties</u>

1. Plaintiffs KEITH SMITH and DAWN SMITH are debtors and

debtors-in-possession in this Chapter 13 bankruptcy proceeding and are residents of Will County, IL.

2. Defendant TALON GROUP is a division of First American Title Insurance Company believed to be a California corporation and registered with the Illinois Secretary of State to engage in business within the State of Illinois.

3. Defendant SIPI, LLC, is a limited liability company formed under the limited liability company law of the State of Illinois.

4. Defendant MIDWEST CAPITAL INVESTMENTS, LLC, is a limited liability company formed under the limited liability company law of the State of Illinois.

<u>Jurisdictional Statement</u>

5. This court has jurisdiction pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.

6. This adversary proceeding relates to the bankruptcy proceeding of the plaintiff DEBTORS under Chapter 13 of Title 11 of the United States Code known as cause number 07 B 6631 in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division.

7. Each count is a core proceeding under 28 U.S.C. §157(b)(2).

8. Venue lies in the Northern District of Illinois pursuant to

28 U.S.C. §1408 and §1409.

9. DEBTORS filed their Voluntary Petition under Chapter 13 of Title 11 of the United States Code on April 13, 2007.

10. Each count of this civil proceeding is grounded on 11 U.S.C. Sec. 548 (pertaining to avoidance of Fraudulent Transfers and Obligations), Section 550 providing for recovery where Section 548 has application, and/or 7001(9) F.R.Bankr.P providing for related declaratory relief.

### FACTS COMMON TO ALL COUNTS

11. At all relevant times, PLAINTIFFS have had and presently have as their principal residence, real estate commonly known as 720 Fox Street, Joliet, Will County, IL which property bears three real estate Permanent Index Numbers: 30-07-12-108-001-0000, 30-07-12-108-002-0000 and 30-07-12-108-003-0000 (the "HOMESTEAD").

12. From and after March 25, 2004 and at least until April 15, 2005, DAWN SMITH was the holder of record title to the HOMESTEAD, having inherited such property from an ancestor.

13. On November 2, 2001, real estate taxes for tax year 2000 for the HOMESTEAD were sold.

14. On information and belief, those taxes were sold to and/or the Certificate for such sold taxes issued to TALON GROUP or to

-3-

SIPI, LLC.

15. On information and belief, TALON GROUP, if the holder of the Certificate referred to in the preceding paragraph, assigned its rights under such Certificate to a company described as "SI-PI, LLC."

16. On April 15, 2005, the County Clerk of the County Will executed a Tax Deed known as 04 TX 142 in favor of SI-PI, LLC, such deed being thereafter recorded on May 19, 2005 as Will County Recorder of Deeds #R2005082894 ("TAX DEED").

17. By Warranty Deed dated August 10, 2005 and recorded August 17, 2005 as Will County Recorder of Deeds #R2005141035 ("SUBSEQUENT DEED"), a company described as "S.I.-P.I., LLC" purported to convey title to the HOMESTEAD to MW CAPITAL.

18. MW CAPITAL presently claims to be the holder of record title to the HOMESTEAD.

## COUNT I

FOR DECLARATION THAT TAX DEED AND WARRANTY DEED WERE INEFFECTIVE
TO TRANSFER TITLE TO THE HOMESTEAD

19. The grantee in the TAX DEED, namely, "SI-PI, LLC" is a purported limited liability company which, in fact and in law, does not exist.

Prayer to Count I

WHEREFORE, Plaintiff prays that the Court determine and declare that the TAX DEED and WARRANTY DEED were ineffective to transfer title and that Plaintiff remained the titleholder to the HOMESTEAD as of the moment before the commencement of this Title 11 proceeding.

## COUNT II

### FOR DECLARATION THAT WARRANTY DEED WAS INEFFECTIVE TO TRANSFER TITLE TO THE HOMESTEAD

19. The grantor in the WARRANTY DEED, namely, "S.I.-P.I., LLC" is a purported limited liability company which, in fact and in law, does not exist.

Prayer to Count II

WHEREFORE, Plaintiff prays that the Court determine and declare that the WARRANTY DEED was ineffective to transfer title to MW CAPITAL.

## COUNT III

### TO AVOID TAX DEED AS FRAUDULENT TRANSFER (11 U.S.C. SECTION 548)

19. The TAX DEED, to the extent effective to transfer title, transferred an interest in the property of the Plaintiff

-5-

DAWN SMITH.

20. The transfer described in the preceding paragraph was made within two years before the date of the filing of the bankruptcy petition herein.

21. Debtor DAWN SMITH received less than a reasonably equivalent value in exchange for such transfer.

22. Debtor DAWN SMITH became insolvent as a result of such transfer.

Prayer to Count III

WHEREFORE, Plaintiffs pray, as Debtors-in-Possession and having the powers of a Trustee-in-Bankruptcy, hereby pray that this Honorable Court (a) declare the transaction represented by the Tax Deed to be a fraudulent conveyance and declare it avoided, (b) if relief is granted Plaintiffs as sought by Count II above, set aside the TAX DEED and place, by judicial declaration, legal title to the HOMESTEAD in the DEBTORS-IN-POSSESSION on behalf of the ESTATE IN BANKRUPTCY of DAWN SMITH, subject to the requirements and/or conditions of Title 11, or, in the alternative, and (c) to the extent PLAINTIFFS are not allowed to recover title to the HOMESTEAD through this adversary proceeding, for money judgment against SIPI for the value of the HOMESTEAD as authorized by 11 U.S.C. Section 550(a), subject to the

provisions of 11 U.S.C. Sections 548 and 550.    PLAINTIFFS also pray for all other relief just and proper under the circumstances.

### COUNT IV

#### FOR RELIEF AGAINST MW CAPITAL AS IMMEDIATE TRANSFEREE OF INITIAL TRANSFEREE

19-22)   PLAINTIFFS incorporate by reference paragraphs 19-22 of Count III.

23)   PLAINTIFFS are informed and believe that MW CAPITAL (a) had knowledge of the voidability of the transfer effectuated by the TAX DEED and/or (b) did not act in good faith.

#### Prayer to Count IV

WHEREFORE, pursuant to 11 U.S.C. Sections 548(a)(1)(B)(i) and (ii)(I) and 550(a)(2) and in addition to the relief sought by the preceding Counts, PLAINTIFFS pray that (a) title to the HOMESTEAD be recovered from MW CAPITAL, subject to the requirements and/or conditions of Title 11, or, in the alternative, and (b) to the extent PLAINTIFFS are not allowed to recover title to the HOMESTEAD through this adversary proceeding, for money judgment

against MW CAPITAL and/or SIPI for the value of the HOMESTEAD as authorized by 11 U.S.C. Section 550(a), subject to the provisions of 11 U.S.C. Sections 548 and 550. PLAINTIFFS also pray for all other relief just and proper under the circumstances.

Dated: April 13, 2007

                                    KEITH SMITH and DAWN SMITH

                              By:  ARTHUR G. JAROS, JR.,
                                    their counsel

Arthur G. Jaros, Jr.
1200 Harger Road - Suite #830
Oak Brook, Illinois 60523
(630) 574-0525