IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Keith Smith and Dawn Smith, | ) | Case No. 07 B 6631 |
| Debtors | ) | Chapter 13 |
| | ) | |
| ------------------------------------- | ) | |
| Keith Smith and Dawn Smith | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adversary No. 07 A-00239 |
| | ) | |
| SIPI, LLC, and | ) | Judge Black |
| MIDWEST CAPITAL INVESTMENTS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

FIRST AMENDED 7001 (1),(2) AND (9) F.R.BANKR.P. ADVERSARY
COMPLAINT
TO AVOID FRAUDULENT CONVEYANCE
AND
RECOVER VALUE OR, IN THE ALTERNATIVE, TITLE TO REAL ESTATE
AND
<u>FOR OTHER RELIEF</u>

NOW COMES the Plaintiffs and Debtors, KEITH SMITH and DAWN SMITH, by their attorney, ARTHUR G. JAROS, JR. and complain of the defendants SIPI, LLC and MIDWEST CAPITAL INVESTMENTS, LLC (hereinafter sometimes "MW CAPITAL") as follows:

<u>Parties</u>

1. At the institution of this proceeding, Plaintiffs KEITH SMITH and DAWN SMITH were debtors and debtors-in-possession in this Chapter 13 bankruptcy proceeding and were residents of Will County, IL.

2.  Not used. [Deleted from Amended Complaint]

3.  Defendant SIPI, LLC, ("SIPI") is a limited liability company formed under the limited liability company law of the State of Illinois.

4.  Defendant MIDWEST CAPITAL INVESTMENTS, LLC, is a limited liability company formed under the limited liability company law of the State of Illinois.

<u>Jurisdictional Statement</u>

5.  This court has jurisdiction pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.

6.  This adversary proceeding relates to the bankruptcy proceeding of the plaintiff DEBTORS under Chapter 13 of Title 11 of the United States Code known as cause number 07 B 6631 in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division.

7.  Each count is a core proceeding under 28 U.S.C. §157(b)(2).

8.  Venue lies in the Northern District of Illinois pursuant to 28 U.S.C. §1408 and §1409.

9.  DEBTORS filed their Voluntary Petition under Chapter 13 of Title 11 of the United States Code on April 13, 2007.

10. Each count of this civil proceeding is grounded on 11 U.S.C. Sec. 548 (pertaining to avoidance of Fraudulent Transfers and Obligations), Section 550 providing for recovery where

Section 548 has application, and/or 7001(9) F.R.Bankr.P providing for related declaratory relief.

## FACTS COMMON TO ALL COUNTS

11. At all relevant times, Plaintiffs have had and presently have as their principal residence, real estate commonly known as 720 Fox Street, Joliet, Will County, IL which property bears three real estate Permanent Index Numbers: 30-07-12-108-001-0000, 30-07-12-108-002-0000 and 30-07-12-108-003-0000 (the "HOMESTEAD").

12. From and after March 25, 2004 and at least until April 15, 2005, DAWN SMITH was the holder of record title to the HOMESTEAD, unencumbered by any mortgage and having inherited such property from an ancestor.

13. On November 2, 2001, real estate taxes for tax year 2000 for the HOMESTEAD were sold.

14. On information and belief, those taxes were sold to and/or the Certificate for such sold taxes issued to Talon Group or to SIPI, LLC.

15. On information and belief, Talon Group, if the holder of the Certificate referred to in the preceding paragraph, assigned its rights under such Certificate to a company described as "SI-PI, LLC" which Plaintiffs believe is a reference to Defendant SIPI.

16. On April 15, 2005, the County Clerk of the County Will executed a Tax Deed known as 04 TX 142 in favor of SI-PI, LLC, such deed being thereafter recorded on May 19, 2005 as Will County Recorder of Deeds #R2005082894 ("TAX DEED").

17. By Warranty Deed dated August 10, 2005 and recorded August 17, 2005 as Will County Recorder of Deeds #R2005141035 ("SUBSEQUENT DEED"), a company described as "S.I.-P.I., LLC," which Plaintiffs believe is a reference to Defendant SIPI, conveyed title to the HOMESTEAD to MW CAPITAL.

18. MW CAPITAL presently claims to be the holder of record title to the HOMESTEAD.

## COUNT I

TO AVOID TRANSFER AS FRAUDULENT TRANSFER (11 U.S.C. SECTION 548)

19. The TAX DEED transferred an interest in the property of the Plaintiff DAWN SMITH.

20. The transfer described in the preceding paragraph was made within two years before the date of the filing of the bankruptcy petition herein.

21. Debtors KEITH and DAWN SMITH received less than a reasonably equivalent value in exchange for such transfer including, but not limited to, KEITH SMITH's loss of his homestead exemption.

-4-

22. Debtor DAWN SMITH became insolvent as a result of such transfer.

23. Subsequent to the TAX DEED and until on or about May 31, 2009, the Debtors continued to occupy the HOMESTEAD as their family home in exchange for paying rent at a rate of $400 per month to a transferee of SIPI.

24. During the pendency of this adversary proceeding SIPI and/or a transferee of SIPI allowed the subject property to remain vacant subsequent to May 31, 2009, and allowed the property insurance to lapse.

25. During the pendency of this adversary proceeding SIPI and/or a transferee of SIPI has failed to pay ongoing real estate taxes and has allowed same to become a lien against the property.

26. During the pendency of this adversary proceeding after SIPI had transferred record title to a transferee, and, on information and belief, after the lapse of the insurance described above, the property suffered extensive vandalism and is believed by Plaintiffs to be uninhabitable in its present condition.

27. As a result of the vandalism, the fair market value of the property is substantially less than it was on the date of the TAX DEED.

Prayer to Count I

WHEREFORE, Plaintiffs, in any and all of their capacities including as Debtors-in-Possession and having the powers of a Trustee-in-Bankruptcy, hereby pray that this Honorable Court:

(a) declare the transaction represented by the Tax Deed to be a fraudulent conveyance and declare it avoided;, and

(b) if relief is granted Plaintiffs as sought by (a), award them:

(i) the current "value of the property" as authorized by 11 U.S.C. Section 550(a) determined as if the property had not sustained vandalism damage where the "current value" is determined as of current date decreed by the court ("UNWIND DATE"); plus

(ii) equitable adjustment for rents paid subsequent to the date of the TAX DEED by the Debtors and any others, plus the fair rental value of the Property in its unvandalized condition during periods of vacancy after May 31, 2009, less amounts paid by SIPI or any transferee for utilities, insurance, real estate taxes (including penalties and interest on taxes sold prior to the TAX DEED), and less any 11 U.S.C. 550(e)(1) lien amount through the UNWIND DATE; less

(iii) equitable adjustment for the principal amount of unpaid real estate taxes attributable to period(s) prior to the

-6-

UNWIND DATE which became delinquent subsequent to the Chapter 13 Petition Date herein,

(c) In the event the Court grants the relief sought by (a) but declines to award the "value of the property" under (b)(i), then they pray that the Court:

(i) set aside the TAX DEED and place, by judicial declaration, legal title to the HOMESTEAD in the DEBTORS-IN-POSSESSION on behalf of the ESTATE IN BANKRUPTCY of DAWN SMITH, subject to the requirements and/or conditions of Title 11;

(ii) grant them an equitable money award for the same adjustment items specified in (b)(ii) above (but not the adjustment items specified in (b)(iii)) together with an additional award to compensate for the penalty rate of interest charged on the late payment of those real estate taxes described in (b)(iii) above; and

(iii) either enter an order compelling SIPI or its transferee to restore the property to its unvandalized condition, or grant Plaintiffs an additional equitable money award in an amount equal to the cost to repair the damage sustained from the vandalism.

(d) Plaintiffs also pray for all other relief just and proper under the circumstances.

## COUNT II

### FOR RELIEF AGAINST MW CAPITAL
### AS IMMEDIATE TRANSFEREE OF INITIAL TRANSFEREE

19-27)   Plaintiffs incorporate by reference paragraphs 19-28 of Count I.

28)   Plaintiffs are informed and believe that MW CAPITAL (a) had knowledge of the voidability of the transfer effectuated by the TAX DEED and/or (b) did not act in good faith.

29)   Plaintiffs are informed and believe that MW CAPITAL is the transferee referenced by paragraphs 23, 24, 25 and 26.

### Prayer to Count II

WHEREFORE, pursuant to 11 U.S.C. Sections 548(a)(1)(B)(i) and (ii)(I) and 550(a)(2) and in addition to the relief sought by the preceding Count I, Plaintiffs pray that all relief sought by Count I against SIPI also be granted as against MW CAPITAL to the maximum extent allowable under the Bankruptcy Code and any other laws of the United States of America and/or of the State of Illinois.

Dated: June 7, 2011

                              KEITH SMITH and DAWN SMITH


                              By:  ARTHUR G. JAROS, JR.,
                                    their counsel

                              _____

The Law Office of Arthur G. Jaros, Jr.
1200 Harger Road - Suite #830
Oak Brook, Illinois  60523
(630) 574-0525